**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATHLEEN TAYLOR, ) <br> on behalf of herself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DHC FOOD & BEVERAGE CORPORATION, ) <br> and DAVIDSON HOTEL COMPANY LLC, ) <br> ) <br> ) <br> Defendants. ) | Case No. 21-cv-00940 <br><br> Jury Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff Kathleen Taylor, on behalf of herself and a putative class, brings this Class Action Complaint against Defendants DHC Food & Beverage Corporation, with assumed names Nico Osteria and Thompson Chicago Hotel, and Davidson Hotel Company LLC, for their violation of the Illinois Biometric Privacy Act, and alleges the following:

**NATURE OF THE ACTION**

1.  When employees are hired at Nico Osteria, a restaurant inside the Thompson Chicago Hotel, have their handprints scanned and programmed into one of their biometric time clocks.

2.  Each day the employees press their hand into the time clock to "punch" in, so that the employees' arrival is recorded.

3.  While the use of fingerprint and handprint scans may be more secure for the building than key fobs, identification cards, or combination codes, the use of biometric identifiers in the workplace entails risks for the employees. Handprints are permanent, unique biometric identifiers that will be associated with the employee forever, whereas other security measures

that may be misplaced or stolen can be deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

4. Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") to regulate private entities that collect and store biometric identifiers, such as handprints.

5. Nico Osteria, Thompson Chicago Hotel, and Davidson Hotel Company LLC violated their employees' privacy rights by unlawfully collecting, storing, and/or using their biometric data and information not in accordance with BIPA.

## PARTIES

6. Plaintiff Kathleen Taylor is a natural person and resident of this district, and a former employee of Nico Osteria. She is a citizen of the State of Illinois.

7. DHC Food & Beverage Corporation, doing business as Thompson Chicago Hotel and Nico Osteria, is a Delaware corporation, with its registered agent C T Corporation System, located at 208 S LaSalle St, Suite 814, Chicago, Illinois 60604. Thompson Chicago Hotel is located at 21 East Bellevue Place, Chicago, Illinois 60611. Nico Osteria is a restaurant and conducts business at address 1015 N Rush Street, Chicago, Illinois 60611.

8. Davidson Hotel Company LLC ("Davidson Hotel Company") is a Delaware company, with its principal place of business located at One Ravinia Drive, Suite 1600, Atlanta, Georgia 30346 with its registered agent, C T Corporation System, located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. Davidson Hotel Company is a hospitality management company in partnership with Thompson Chicago Hotel and Nico Osteria.

**JURISDICTION AND VENUE**

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over all Defendants.

10. The parties are all completely diverse: Kathleen Taylor is a citizen of Illinois. DHC Food and Beverage Corporation is a Delaware corporation with its principal place of business and headquarters in Atlanta, Georgia; it is thus a citizen of Delaware and Georgia. Davidson Hotel Company, LLC is a Delaware LLC. On information and belief, no member of the Davidson Hotel Company, LLC is a citizen of Illinois.

11. An individual may recover between $1,000 and $5,000 in statutory damages for *each* violation of BIPA. Based on the length of time Ms. Taylor worked for Nico Osteria and the number of times her handprint was scanned each day, the statutory damages she is entitled to far exceed $75,000.

12. This Court has personal jurisdiction over Defendants because they conduct a substantial amount of business here which forms the basis of Plaintiff's claims.

13. Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in Illinois.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

14. Plaintiff was employed by Davidson Hotel Company to work at Nico Osteria from June 2019 until March 2020, when the restaurant temporarily closed due to the Covid-19 pandemic. Plaintiff returned to work at the restaurant in July 2020.

15. At the start of her employment, a Human Resources representative escorted Plaintiff to a machine to have her handprint scanned and saved for the purpose of tracking her work hours.

16. Defendants stored Plaintiff's and their other employees' handprint data in their computer systems.

17. Approximately four or five days per week until March 2020, when Plaintiff worked at Nico Osteria, upon arrival she would place her hand on a machine with plexiglass that showed a light coming through, and have her handprint scanned.

18. Plaintiff observed her coworkers at Nico Osteria and Thompson Chicago Hotel, including maintenance workers and housekeeping staff, using such a machine to scan their hands when they arrived at work.

19. Upon Plaintiff's return to work at Nico Osteria in July 2020, Defendants had ceased the use of the handprint scanner due to concerns of spreading Covid-19.

20. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

21. Under the act, a fingerprint or a handprint are biometric identifier. *Id.* at § 14/10.

22. Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

23. Defendants used the scanner system to capture the handprints of their numerous employees and store them for future use.

24. Plaintiff's and Class members' handprints were obtained by Defendants and stored on Defendants' equipment to later identify each individual.

25. Each time Plaintiff scanned her handprints using the scanner, the Defendants obtained her handprint.

26. Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and

guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a). Private entities must also comply with that policy.

27. Defendants have not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data. Plaintiff was not informed of any such policy and no policy was made publicly available. Based on these facts, Defendants did not develop any policy regarding biometric information, nor could they have complied with any policy.

28. Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

29. Plaintiff or any member of the Class were not, at any relevant time, informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor members of the putative Class executed a written release to their employer.

30. Under the act, a private entity in possession of biometric information or identifiers may not disclose, redisclose, or disseminate a person's biometric identifier or information unless the person consents to the disclosure or re-disclosure. *Id.* at § 14/15(d).

31. Specifically, on information and belief, Defendants allowed other employees and third-parties access to the print and scan database and disseminated the biometric information by transmitting it both internally and externally.

32. Plaintiff Taylor and the putative class members never consented to these disclosures.

33. Lastly, a private entity in possession of biometric identifiers or information must store, transmit, and protect from disclosure all biometric identifiers and information using a reasonable standard of care and in the same way the private entity stores, transmits, and protects other sensitive information. *Id.* at § 14/15(e).

34. On information and belief, access to the handprint database was essentially open to large numbers of the Defendants' employees, agents, and subcontractors. Defendants did not store, transmit, or protect the handprint database in the same way they would do so to other sensitive information.

## CLASS ALLEGATIONS

35. Kathleen Taylor brings this action on behalf of herself and under Fed. R. Civ. P. 23, on behalf of a class defined as:

> All persons in the United States who are or were employed by Davidson Hotel Company to work at Nico Osteria or Thompson Chicago Hotel, and whose handprint is or was collected, captured or otherwise obtained by the store, at any time from five years before the date of Plaintiff's original complaint to the date the class is certified.

Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

36. On information and belief, the Class is so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes that Defendants have saved hundreds of handprint scans of their various employees, without written releases.

37. Davidson Hotel Company, Thompson Chicago Hotel, and Nico Osteria employ hundreds of employees in Illinois.

38. Common questions of law and fact exist and predominate over individual questions and include:

a. Whether Defendants collected, captured, or otherwise obtained the Class's biometric identifiers;

b. Whether Defendants informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

c. Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendants;

d. Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

e. Whether Defendants complied with any such written policy;

f. Whether Defendants disclosed, re-disclosed, or otherwise disseminated the biometric information and identifiers and if so whether they obtained consent to do so from each individual.

g. Whether Defendants stored, transmitted, and protected the handprint database with the requisite level of care.

h. The extent of any damages incurred by Class members as a result of Defendants' actions.

39. Plaintiff's claims are also typical and co-extensive with the claims of the class because she and members of the Class have all suffered the same injuries as a result of identical conduct by Defendants.

40. Plaintiff will fairly and adequately protect the interests of the proposed Class and she has retained counsel with experience in consumer law, Illinois law, and federal class actions.

41. A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of a very large Class size, individual litigation would be a burden on the courts and result in delay and inconsistent results.

### COUNT I – VIOLATIONS OF BIPA 740 ILCS § 14/15(a)

42. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

43. Defendants violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

44. Defendants also violated BIPA 740 ILCS § 14/15(a) by failing to comply with any such policy.

45. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

### COUNT II – VIOLATION OF BIPA 740 ILCS § 14/15(b)

46. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

47. Defendants violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

48. Defendants did not make disclosures to Plaintiff or the Class members.

49. Neither Plaintiff nor the Class members executed a written release.

50. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

**COUNT III – VIOLATION OF BIPA 740 ILCS § 14/15(d)**

51. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

52. Defendants violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff and the Class members biometric information.

53. Defendants allowed other employees and third-parties access to the print database and servers and disseminated the biometric information by transmitting it both internally and externally.

54. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

**COUNT IV – VIOLATION OF BIPA 740 ILCS § 14/15(e)**

55. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

56. Defendants violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the handprint database with the requisite level of care.

57. Access to the handprint database and the biometric information and identifiers stored therein was, on information and belief, protected only with weak and/or shared passwords and unencrypted.

58. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kathleen Taylor, on behalf of herself the Class, respectfully requests that the Court enter an Order:

  A. Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing her attorneys as class counsel;

  B. Awarding liquidated damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendants committed;

  C. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring Defendants to destroy their biometric identifiers and information after termination of the employment relationship;

  D. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

  E. Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted:
/s/ Michael W. Drew

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

Michael Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
mwood@communitylawyersgroup.com
*Attorneys for Plaintiff*

10